IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBBY DOYLE CALHOUN, <br> #22977077, <br> PLAINTIFF, <br> <br> v. <br> <br> CARL HAYS, ET AL., <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CASE NO. 3:22-CV-1426-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I.   BACKGROUND**

On July 1, 2022, Robby Doyle Calhoun, a federal prisoner, filed a letter-complaint against Probation Officer Darwin Shaw, Attorney Carl Hays, and "all Black Churches in Dallas," including Full Gospel Holy Temple, Greater Harvest Church of God and Christ, Ervay Cedar Baptist Church, Greater Shiloh Baptist Church, and Potter's House - TD Jakes. Doc. 3 at 1-2. He asserts the churches are responsible for "(1) mental cruelty, (2) physical oppression and (3) sexual harassment." Doc. 3 at 1-2. Calhoun avers: "I need to do this because they will not relent or repent. And what they do know, is that 'you must reap what you saw.'" Doc. 3 at 1-2.

Calhoun raises similar claims against Shaw and Hays. Doc. 3 at 2, 4. He also sues Hays

for "inhumane treatment." Doc. 3 at 2. Calhoun avers that Shaw and Hays are both "very filthy and corrupt in their attitudes and think[] that they are bullies who can get away with their abusive nature." Doc. 3 at 2. Calhoun requests approximately $3 million in damages. Doc. 3 at 3.

Calhoun is no stranger to this Court. In 1994 Calhoun was found not guilty by reason of insanity and committed in *United States v. Calhoun*, No. 3:92-CR-205-G; Crim. Doc. 13-1 at 1. In 2000, he was placed on conditional release supervision. *Id.* However, on June 16, 2022, shortly before the complaint *sub judice* was filed, his conditional release was revoked and he was recommitted to the custody of the Attorney General for placement in a suitable facility in accordance with 18 U.S.C. § 4243(e). Crim. Doc. 16. The Court found that Calhoun had "failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, and that his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." Crim. Doc. 16 at 1-2.

Upon review of the complaint *sub judice*, Calhoun fails to present a cognizable claim and his factual contentions are both delusional and deficient. As such, this action should be dismissed as frivolous.

## II.    ANALYSIS

Calhoun's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A(b).[1] These statutes provide inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is

---

[1] Calhoun did not file a motion to proceed *in forma pauperis* in response to the Court's deficiency order. Doc. 6. In his complaint, however, he states that he is financially indigent. Doc. 3 at 4. He has also filed two motions to appoint counsel reiterating that he is indigent. Doc. 9; Doc. 10. Thus, it is more efficient to assume that Calhoun seeks leave to proceed *in forma pauperis* and dismiss the complaint under 28 U.S.C. § 1915, than to require compliance with the Court's filing requirements.

based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Calhoun has failed to state a cognizable legal claim or anything that can be construed as such.  He presents no supporting legal authority for the claim he asserts.  Moreover, his factual contentions are clearly baseless and woefully inadequate to support any cognizable claim, and his allegations border on the irrational and incredible.  *See Denton*, 504 U.S. at 33.

Consequently, Calhoun's complaint should be dismissed with prejudice as factually and legally frivolous.

### III.   LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Calhoun's apparent claims are fatally infirm.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## V. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).